Wright, J.,
delivered the opinion of the Court.
The demurrer was not well taken, and the Chancellor erred in dismissing the bill, and amended bill.
The question is, whether the bill and amendment, taken together, make a proper case for equitable relief ? It is true that in the original bill partition was asked, and to that extent — if the demurrer had been confined to that part of the bill — it might have been a question whether it were not proper *41 —the title not being clear. But we understand the amended bill to abandon this branch of the case, and to confine itself to a claim for relief upon the ground of removing clouds from the share of complainant, Sarah, in the lands inherited from her father. There is also a prayer to be restored to the possession, and to have a decree for rents.
There is nothing in the bill, or amended bill, to show that defendants have had seven years’ possession of this land, or that the rights of complainants have, in any way, been affected by the statute of limitations. They are both, therefore, immediately interested in the share of complainant, Sarah, and entitled to the possession and rents.
And these will be decreed them, if the Court of Chancery has jurisdiction for any purpose ; the rule being, if relief can be given as to anything, to retain the case until the whole matter is disposed of, and the rights of the parties settled. 2 Yer., 524, 531; 10 Yer., 59, 83.
As to the deed purporting to have been executed by Wm. ITicks, sr., in his lifetime, the bill, we think, makes a proper case for relief. The defendant, Nathaniel Hicks, since his father’s death, has procured this deed to be proved by a witness, and registered. Its invalidity does not appear upon its face, but, if it exists, must be made out by proof aliunde, and according to the rule laid down by Judge Story, sec. 700, a, furnishes a proper case for the interference of a Court of Equity. The bill alleges that this deed is void; and the amended bill, in effect, alleges that its execution was never completed, and that it had been abandoned by the parties. If so, it should be cancelled. The invalid deed of the ancestor, must, we think, be regarded as a cloud upon the lands in the hands of the heirs.
In Jones v. Perry, 10 Yer., 83, the rule is stated to be settled in this State and elsewhere, that a Court of Equity has the power to cancel a void instrument, whether its character, as such, appear from the face of the instrument, or otherwise.
If this be so, it is not perceived why the jurisdiction is not proper, as to the instrument to which Almony’s name is al *42 leged to have been forged, and the deeds to Worley. But he this as it may, the demurrer being to the whole bill, lost its effect entirely.
A bill to remove a cloud, is a head of equity by itself. It will lie, although the defendants are in possession, and complainants have the legal title, and might sue at law for the recovery of the property, that not being esteemed adequate relief. 2 Yer., 524; 10 Yer., 59, 83.
It need not ask any discovery, or state any defect of proof, or the witnesses whose testimony is relied upon for the relief. A simple statement that the instrument is void, or voidable» with the proper prayer, is sufficient. Story’s Eq., sec. 699, 705 a.
It is not like a bill to perpetuate testimony, since the matter involved in it can be made the subject of immediate judicial investigation and decree. Story’s Eq., sec. 1505, 1508. And we are not aware, that in this respect, it differs from an ordinary bill.
How the facts may turn out to be, upon an answer, we can not know. We think the facts stated in this bill and amendment require an answer; and, therefore, reverse the Chancellor’s decree, and remand the cause for that purpose.